In re D.H. OVERMYER TELECASTING CO., INC., Debtor.

HADAR LEASING INTERNATIONAL CO., INC., et al., Plaintiffs,

v.

D.H. OVERMYER TELECASTING CO., INC., et al., Defendants.

Bankruptcy No. B81-00506.
Adv. No. B81-1005.

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 17, 1983.

Susan B. Collins, Baker & Hostetler, Cleveland, Ohio, and John Silas Hopkins, III, Ropes & Gray, Boston, Mass., for The First Nat. Bank of Boston.

Mary Ann Rabin, Cleveland, Ohio, for Edmund M. Connery.

## MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter is before the Court on an order obtained by The First National Bank of Boston, on June 2, 1983, to show cause why Edmund M. Connery, Esquire, should not be held in civil contempt.

### Findings of Fact

From the evidence, the Court finds that:

1.  On September 24, 1982, this Court entered a judgment in the Hadar adversary proceeding,[1] which enjoined Hadar Leasing International Co., Inc. ("Hadar"), Daniel H. Overmyer ("Mr. Overmyer"), D.H. Overmyer Co., Inc. ("DHO"), and Intermodal Systems Leasing, Inc. ("ISLI") to turn over the assets and records of 23 Overmyer companies to The First National Bank of Boston ("FNBB").

2.  On September 24, 1982, Edmund M. Connery, Esquire, ("Mr. Connery") was attorney for Hadar, Mr. Overmyer, DHO and ISLI. Mr. Connery continues to be Mr. Overmyer's attorney, and has also continued to perform the function of attorney for Hadar, DHO and ISLI in such matters as selecting appellate counsel for Hadar.[2]

3.  Mr. Connery also serves as attorney for all Overmyer entities, including the 23 Overmyer companies listed in paragraph 24 of the judgment in the Hadar adversary proceeding. When Richard M. Cieri, Esquire, telephoned Barbara Overmyer Strang to inform her of the entry of a temporary restraining order barring transfer of any assets purportedly held by her as trustee, she hung up on him and telephoned Mr. Connery for advice.[3] Mr. Connery retained Norman Jackson, Esquire (who also represented DHO) to represent all of the Overmyer companies listed in paragraph 24 of the judgment in the Hadar adversary proceeding, except Hadar and ISLI.

4.  On September 30, 1982, John Silas Hopkins, III, Esquire, counsel for FNBB, requested in a courtroom in the Southern District of New York that Mr. Connery turn over to FNBB the records and assets covered by paragraph 24 of the judgment in the Hadar adversary proceeding. Mr. Connery did not respond, but rather walked out of the courtroom and said, "F_____ him. I won't give him anything."

5.  On September 30, 1982, Mr. Connery was able to deliver to FNBB most of, if not all, the records and assets listed in paragraph 24 of the judgment in the Hadar adversary proceeding. Mr. Connery is still able to do so.

### Conclusions of Law

1.  Mr. Connery is bound by paragraph 24 of the judgment in the Hadar adversary

---

**1.** 23 B.R. 823, 938 (Bkrtcy.Ohio 1982) (Judgment, ¶ 24)

**2.** *See* Transcript Vol. 73, p. 7629, and Vol. 72, p. 7499.

**3.** *See* Transcript Vol. 44, pp. 7657–59.

proceeding. Fed.R.Civ.P. 65(d), made applicable by Bankr.R. 765.

2. On September 30, 1982, Mr. Connery was able to perform the acts required by paragraph 24 of the judgment in the Hadar adversary proceeding.

3. Mr. Connery's refusal on September 30, 1982, to perform the acts required by paragraph 24 of the judgment in the Hadar adversary proceeding constituted a contempt of this Court.

4. Mr. Connery is now able to perform the acts required by paragraph 24 of the judgment in the Hadar adversary proceeding.

5. Mr. Connery shall pay to FNBB a compensatory fine in the amount of $3,500.00.

6. Mr. Connery shall be remitted to the custody of the United States Marshall for the Northern District of Ohio to be held in a suitable detention facility within the District until he shall purge himself of contempt by causing to be delivered to FNBB the records and assets covered by paragraph 24 of the judgment in the Hadar adversary proceeding.